UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER THOMPSON,

        Defendant-Petitioner,

                                              Civil Case No. 05-70708
                                              Criminal Case No. 02-80388

v.

                                              HONORABLE DENISE PAGE HOOD

UNITED STATES OF AMERICA,

        Plaintiff-Respondent.
_____/

MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S
MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255
AND NOTICE OF EVIDENTIARY HEARING

I.     INTRODUCTION

On February 7, 2003, Petitioner was convicted of possession with intent to distribute cocaine and distribution of cocaine, in violation of 21 U.S.C. § 841; and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On May 15, 2003, the Court sentenced Petitioner to concurrent terms of 140 and 120 months of imprisonment. Petitioner appealed to the Court of Appeals for the Sixth Circuit. The Sixth Circuit affirmed the conviction and sentence on April 27, 2004.

This matter is currently before the Court on Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255, filed February 24, 2005. Petitioner alleges his Sixth Amendment trial by jury right was violated because of facts used in connection with his sentencing, seeking a retroactive application of *United States v. Booker*, 125 S.Ct. 738 (2005). Petitioner also claims ineffective assistance of counsel resulted in a denial of due process. After a Response from the Government, Petitioner filed a Reply on April 7, 2005, stating he does not seek a retroactive application of *Booker*,

but rather an application of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

For the reasons set forth below, the Court denies Petitioner's Sixth Amendment claim. As there is insufficient evidence on the record concerning Petitioner's ineffective assistance of counsel claim, the Court cannot grant or deny that claim at this time. The Court will therefore conduct an evidentiary hearing into Petitioner's allegation of ineffective assistance of counsel.

## II. STANDARD OF REVIEW

### A. The Right to a Trial by Jury

On January 12, 2005, the Supreme Court issued a landmark opinion concerning the United States Sentencing Guidelines. *United States v. Booker*, 125 S.Ct. 738 (2005). The Court addressed whether the Sixth Amendment's guarantee of a right to a trial by jury is violated when enhanced sentences are imposed upon the sentencing judge's determination of a fact that was not found by the jury nor admitted by the defendant. Answering in the affirmative, the Court opined that the Sentencing Guidelines are "advisory," and that any fact necessary to support a sentence "exceeding the maximum authorized by the facts" established by a guilty plea or a jury verdict must be either "admitted by the defendant," or "proved to a jury beyond a reasonable doubt." The Court did not hold the entire Sentencing Guidelines framework unconstitutional.

Given the above, the Court's next task was to determine the remedy for its holding. In answering this question, the Court held that most of the provisions of the Sentencing Guidelines are still valid. *See, e.g.,* 18 U.S.C. § 3551 (authorizing sentences such as probation, fine, or imprisonment); 18 U.S.C. § 3552 (providing for the preparation of presentence reports); 18 U.S.C. § 3554 (forfeiture); 18 U.S.C. § 3555 (notification to victims); 18 U.S.C. § 3583 (supervised release). However, *Booker* did excise two sections of the Sentencing Guidelines. *See* 18 U.S.C. §§

3553(b)(1) and 3742(e). Section 3553(b)(1) spoke to the sentencing judge, and was the enhancement provision allowing for a finding of aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Sentencing Guidelines. The Supreme Court cautioned that it did not "believe that every sentence gives rise to a Sixth Amendment violation. Nor . . . that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain error' test." *Booker*, 125 S.Ct. at 767.

### B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is properly raised by a motion under 28 U.S.C. § 2255. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue."); *Massaro v. United States*, 538 U.S. 500 (2003). Petitioner's claim of ineffective assistance of counsel was appropriately brought by filing the Motion presently before the Court under § 2255. *United States v. Galloway*, 316 F.3d 624, 634 (6th Cir. 2003).

The Supreme Court set out the standards by which to judge an ineffective assistance of counsel claim in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that trial counsel's performance was deficient. *Id.* at 687. Under the first prong, the standard for attorney performance is "reasonably effective assistance." *Id.* Petitioner must show that trial counsel's representation fell below an objective standard of reasonableness; the inquiry must focus on "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 689; *see also, Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). The *Strickland* Court cautioned that "a

3

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, *citing, Michel v. Louisiana,* 350 U.S. 91, 101 (1955). Second, Petitioner must show that the deficient performance prejudiced the defense, that, but for the deficiency, the outcome of the proceedings would have been different. *Strickland,* 466 U.S. at 694.

### III. APPLICABLE LAW & ANALYSIS

#### A. Application of *Booker* or *Apprendi*

Petitioner has abandoned his argument that *Booker* should be applied retroactively to his case. Instead, Petitioner seeks application of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). The Court finds that despite the manner in which *Apprendi* could be applied, the result is no different. The rule announced in *Apprendi* is only triggered when a defendant is sentenced beyond the statutory maximum. *United States v. Corrado,* 227 F.3d 528, 542 (6th Cir. 2000). In the present matter, Petitioner faced a statutory maximum of 20 years imprisonment and a guideline maximum of 175 months. The Court sentenced Petitioner to concurrent terms of 140 and 120 months of imprisonment, both well below the statutory and guideline maximums.

Petitioner alleges the Court improperly increased his offense level from level 26 to level 28.[1] Using an offense level of 26, as Petitioner would have, results in a maximum sentence of 150 months. The Court's actual sentence remains below even this reduced mark, making *Apprendi*

---

[1] The Court found such an increase was warranted because Petitioner possessed a firearm in connection with a drug offense under Section 2D1.1(b)(1) of the United States Sentencing Guidelines.

4

inapplicable.

### B. Ineffective Assistance of Counsel

Petitioner claims his counsel was ineffective for failing to raise: (1) issues Petitioner set forth in a proposed *pro se* supplemental brief; (2) an alleged Fourth Amendment violation relating to Petitioner's warrantless arrest and subsequent search; and (3) the *Apprendi* issue at sentencing. The Court holds counsel's failure to raise issues discussed in Petitioner's supplemental brief is not ineffective assistance of counsel because it was within the acceptable range of discretion in shaping Petitioner's "sound trial strategy." *Strickland*, 466 U.S. at 689. Moreover, had counsel raised the *Apprendi* issue at sentencing, he would have been incorrectly stating the law, as discussed above.

The Court finds Petitioner cannot satisfy the latter prong of the *Strickland* analysis with respect to his first and third claims of ineffective assistance. Consideration of the former *Strickland* requirement is accordingly unnecessary. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). Petitioner is required to show that his trial counsel's errors actually prejudiced his defense. Petitioner bears this burden. *Id.* It is:

> [N]ot enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome determines the reliability of the result of the proceeding.

*Strickland*, 466 U.S. at 693. What Petitioner must do, in accordance with *Strickland*, is "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Petitioner has not met this burden regarding alleged ineffective assistance stemming from his counsel's failure to raise issues from the *pro se*

5

supplemental brief and *Apprendi* at sentencing.

Petitioner's ineffective assistance of counsel claim relating to the Fourth Amendment issue warrants further discussion. The failure to file a motion to suppress evidence may rise to the prejudicial level required by the second prong of *Strickland*. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *United States v. Matos*, 905 F.2d 30 (2d Cir. 1990); *Bond v. United States*, 1 F.3d 631 (7th Cir. 1993). Such a failure is not *per se* ineffective assistance of counsel. *Kimmelman*, 477 U.S. at 384. "[W]here trial counsel fails to make a motion to suppress because he neglected 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary', then ineffective representation is shown." *Matos*, 905 F.2d at 33 (citing *Kimmelman*, 477 U.S. at 385; *Strickland*, 466 U.S. at 691). For Petitioner to successfully prove ineffective assistance based on his counsel's failure to file a suppression motion, he must show that the motion would have been "meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed." *Matos*, 905 F.2d at 32 (citing *Kimmelman*, 477 U.S. at 375-76).

At the outset, the Court notes that the Government did not address Petitioner's ineffective assistance of counsel claims in its Response. The Government simply asserts, "[P]etitioner has alleged no facts or circumstances in support of his contentions of ineffective assistance of counsel . . . ." (Gov't's Resp. at 2.) In a footnote, the Government alleges Petitioner did not attach any documents supporting his ineffective assistance of counsel claims to his Motion. The Government claims it checked the electronic version of Petitioner's Motion, the hard copy on file with the Clerk's office, the Magistrate Judge's copy, as well as this Court's copy for any such attachment without success. The Government is in error. While the electronic version of Petitioner's Motion found on

the docket does not contain the exhibit, the Court's copy does have such an attachment. Petitioner did in fact attach a document to his Motion, referred to as "Exhibit A." The document purports to be an interoffice memorandum from Ken Hunter, a private investigator retained by Petitioner's counsel, to Richard O'Neill, Petitioner's counsel. The document is dated November 6, 2002, well before the start of trial in this matter.

Petitioner claims this memorandum supports his view that a warrantless entry by police was illegal. As a result, Petitioner argues that his counsel should have filed a motion to suppress the evidence and used the memorandum as evidence at trial to refute the police officers' testimony. (Pet.'s Reply Br. at 3.) A review of the docket in this case makes it clear that a motion to suppress was never filed. Based on the evidence currently before the Court, it is impossible to appropriately consider Petitioner's claim. On the face of the memorandum attached by Petitioner as Exhibit A to his Motion, it appears possible that a motion to suppress may have been meritorious and that the result of Petitioner's underlying case would have been different had the evidence been excluded.

Without a proper response from the Government on this issue, the Court cannot make a determination on the merits at this time. Because the docketed version of Petitioner's Motion did not contain Exhibit A, the Court will allow the Government to file a Supplemental Brief addressing the suppression motion issue only. Petitioner will have a time in which to file a Reply, if any.

Accordingly,

IT IS ORDERED that the Government has until **August 15, 2005**, to file a Supplemental Brief addressing Petitioner's ineffective assistance of counsel claim based on the failure to raise a Fourth Amendment issue ONLY.

7

IT IS FURTHER ORDERED that Petitioner has until **August 25, 2005**, to file a Reply Brief, if any.

DENISE PAGE HOOD
United States District Judge

DATED: JUL 2 5 2005

# interoffice
## MEMORANDUM

**to:** Richard O'Neill
**from:** Ken Hunter
**subject:** Walter Thompson
**date:** November 6, 2002

Denise Dawn Alford

# FYI

On the above date I made contact with the above referenced individual. While Ms. Alford confirmed that she was at the location, she disagrees with the account the police officers gave. Her account is as follows:

Ms. Alford stated that she went to the location specifically to buy crack cocaine. She did not want to go into how she learned that drugs were being sold out of that location, but admonished me that she just knew and went there for that purpose. She said she did not know your client nor had she ever met him prior to this incident.

Ms. Alford stated that the police approached while she was outside of the location, standing at a back window, negotiating with the seller. She said she initially saw a shock of blond hair from the side of the house (she couldn't or didn't want to remember which side) and immediately became frightened. She said she then looked around and saw nothing but drawn guns and froze as a result, claiming she had never been arrested before.

She said, in their report, the police claimed that they saw her engaged in conversation with your client at the rear door. She, stated emphatically that that was a lie. She said the police detained her at the rear window of the location.

She then said a couple of them pried the burglar bars off the window, while others kicked in the back door of the location then entered (Ok, so I was wrong—musta' been rotten wood—go figua').

Anyway, Ms Alford went on to say that later, the police took her inside the place, but she said it was after they had already secured the place. In short, she has no idea what went on inside before they took her in.

Ms. Alford stated that she was subsequently charged with possession of narcotics (VCSA) and pled guilty to Attempt. She said she received 12 months probation at her sentencing. This investigation is continuing.