**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTER THOMPSON,

    Petitioner,

                              Case No.  05-CV-70708
                              Criminal Case No. 02-CR-80388

v.

                              HONORABLE DENISE PAGE HOOD

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER RE: MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**I.  INTRODUCTION**

On February 23, 2003, Petitioner, Walter Thompson, was found guilty by jury verdict of possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841; distribution of cocaine in violation of 21 U.S.C. § 841; and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  On May 15, 2003, Petitioner was sentenced to 140 months imprisonment on Counts One and Two, and 120 months imprisonment on Count Three.  Petitioner appealed to the Sixth Circuit Court of Appeals.  The Sixth Circuit affirmed the Court's decision on April 27, 2004.  Petitioner sought certiorari from the United States Supreme Court, which was denied on December 3, 1996. Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on February 24, 2005.  The Government filed a Response on March 24, 2005.  The Court issued a Memorandum Opinion and Order Regarding Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 on July 25, 2005.  In the Court's July 25, 2006 Opinion and Order, the Court ordered

the Government to respond to Petitioner's claim of ineffective assistance of counsel for failing to raise a Fourth Amendment objection to an allegedly unconstitutional search. The Government again responded to which the Petitioner replied. As Petitioner's *Booker*, *Fanfan*, and *Apprendi* claims were resolved in the Court's July 25, 2005 Opinion and Order, they will not be addressed. The Court focuses its attention on the fully briefed issue of whether or not Petitioner's Fourth Amendment right against an unreasonable search or seizure has been violated.

## II.  STANDARD OF REVIEW

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence: whether the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or some other collateral attack to the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## III.    APPLICABLE LAW & ANALYSIS

Petitioner contends that he was denied a fair trial due to the ineffective assistance of counsel during the course of his representation. Petitioner argues that his counsel was ineffective for failing to file a motion to suppress evidence allegedly obtained in violation of the Fourth Amendment. Petitioner alleges that the house he was in at the time of the arrest was not vacant, evidenced by someone cooking at the time of the search, testimony that a neighbor witnessed the Petitioner enter the house on numerous occasions using a key, and testimony from one of the raiding officers that

2

in the officer's opinion, it appeared as if someone was staying at the residence. The Government asserts that, under *McCrae v. United States*, 156 F.3d 708 (6th Cir. 1998), Petitioner does not possess a reasonable expectation of privacy in the vacant house located at 1697 Highland in Detroit, when Petitioner lived at 12408 Birwood in Detroit.

A claim of ineffective assistance of counsel is properly raised by a motion under 28 U.S.C. § 2255. *United States v. Danie*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that parties can develop an adequate record on the issue."); *Massaro v. United States*, 538 U.S. 500 (2003). Petitioner's claim of ineffective assistance of counsel was appropriately brought by filing the Motion presently before the Court under 28 U.S.C. § 2255. *United States v. Galloway*, 316 F.3d 624, 634 (2003).

The Supreme Court set out standards by which to judge an ineffective assistance of counsel claim in *Strickland v. Washington*, 466 U.S 668 (1984). First, Petitioner must show that trial counsel's performance was deficient. *Id*. at 687. Under the first prong, the standard for attorney performance is "reasonably effective assistance." *Id*. Petitioner must show that the trial counsel's representation fell below an objective standard of reasonableness; the inquiry must focus on "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 689; *see also Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). The *Strickland* Court cautioned that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Second, Petitioner must show that the deficient

3

performance prejudiced the defense, that, but for the deficiency, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694.

In examining whether Petitioner would have been successful in his motion to suppress, the Government cites *People v. McRae*, 156 F.3d 708 (1998). In *McRae*, the Sixth Circuit held that a defendant who resided in a vacant house for a week and did not pay rent or own the house possessed no reasonable expectation of privacy in the house. The defendant in *McRae* argued that he had resided in the house for a week, had blankets and curtains on the windows, furniture, running water, and electricity. However, he was not yet paying rent, nor did he own the house he was staying in. The court concluded that the defendant "did not have a legitimate expectation of privacy by virtue of having stayed a week in the vacant premises that he did not own or rent." *Id*. at 711.

Petitioner makes no claim that he owned or rented the premises located at 1697 Highland in Detroit. The Government claims that he lived at 12408 Briarwood in Detroit. Petitioner has not made a showing that he pays rent to anyone to stay at 1697 Highland. In support of his claim, Petitioner points to the testimony of a neighbor that someone lived next door. (Pl.'s Reply to Supp. Resp. at 2). The neighbor also testified to seeing someone entering the premises with a key on numerous occasions. *Id*. at 3. Another witness testified that there was someone cooking in the house at the time. *Id*. Petitioner also offers a statement from an officer who agreed that it appeared that someone was staying in the house. *Id*.

The record is void of evidence that Petitioner rents or owns the premises at 1697 Highland. There is no mention of payments for staying at the house, nor are there receipts or testimony indicating that Petitioner has made payments in exchange for living at 1697 Highland. As such, Petitioner would not have been successful had his counsel filed a motion to suppress evidence

4

premised upon a Fourth Amendment violation of his right against unreasonable search and seizure. Petitioner is therefore unable to establish the first prong of the *Strickland* test and his claim of ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 687. Accordingly,

IT IS ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 **[Docket No. 56, filed February 24, 2006]** is DENIED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED with prejudice.


        s/ DENISE PAGE HOOD
        Denise Page Hood
        United States District Judge


DATED: October 20, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2006, by electronic and/or ordinary mail.

        s/William F. Lewis
        Case Manager